IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DR. STEPHAN KANE,

        Plaintiff,

vs.                                                                              No. CIV 06-682 JB/WDS

CHRISTIAN BROTHERS OF THE COLLEGE
OF SANTA FE COMMUNITY, d/b/a The College
of Santa Fe; DR. LINDA HANSON, Individually
and as President of the The College of Santa Fe;
DR. MARK LOMBARDI, Individually and in His
Capacity as Vice President for Academic and
Student Affairs of The College of Santa Fe,
Currently President of The College of Santa Fe; and
PRESBYTERIAN MEDICAL SERVICES, a New Mexico
Corporation,

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Plaintiff's Motion to Vacate Hearing and Request for Extension of Time to Respond to Motions for Dismissal and for Summary Judgment, filed November 6, 2006 (Doc. 9)("Motion to Vacate & Extend"). The primary issue is whether the Court should grant this untimely motion because of the difficult personal circumstances of Plaintiff Dr. Stephan Kane's counsel. Because the Court does not believe that Dr. Kane should, under the circumstances, bear the burden of dismissal solely because of his counsel's failure to timely respond to Defendant Presbyterian Medical Services' Motion to Dismiss or, Alternatively, Motion for Summary Judgment as to All Claims Against Defendant Presbyterian Medical Services, filed August 7, 2006 ("Motion for Dismiss or Summary Judgment")(Doc. 2), and because any prejudice that the

extension will cause is that associated with normal briefing on dismissal, the Court will grant the motion to vacate the hearing and to extend the time for Kane to respond to the pending motions.

## PROCEDURAL BACKGROUND

Dr. Kane's counsel was in Florida from the end of May 2006 until the end of September 2006, handling a mediation and subsequent litigation resulting from her family home being infested with black mold and other hurricane-related damages. See Motion to Vacate & Extend at 1. Because of the home's condition, the 88-year old father of Dr. Kane's counsel was placed in a nursing home, where he allegedly became a victim of nursing home abuse and neglect, resulting in four hospitalizations, one of which included a significant surgery. See id. Because of these conditions, Dr. Kane's counsel had to individually sort and remove every item from the family home and attend hearings with the State of Florida, as well as numerous meetings with various attorneys. See id. at 2.

Presbyterian Medical Services (PMS) filed a Notice of Removal with the Court on August 1, 2005. See Doc. 1. PMS filed its Motion for Dismissal or Summary Judgment with the Court on August 7, 2006, and served it on Dr. Kane's counsel via mail on August 8, 2006 at her address of record in Santa Fe, New Mexico. See Doc. 2. PMS represents that its counsel mailed all the documents to Dr. Kane's counsel at her address of record in Santa Fe, New Mexico. See Defendant Presbyterian Medical Services' Response Opposing Plaintiff's Motion to Vacate Hearing and Request for Extension of Time to Respond to Motions for Dismissal and for Summary Judgment at 4, filed November 8, 2006 (Doc. 10)("Response").

Dr. Kane did not file any response to PMS' Motion for Dismissal or Summary Judgment or request an extension of time to respond within the time that D.N.M.LR-Civ. 7.6(a) allows. PMS filed

a Notice of Completion of Briefing pursuant to D.N.M.LR-Civ. 7.3(b) on September 29, 2006. See Doc. 7. Dr. Kane's counsel received Defendant Presbyterian Medical Services' Notice of Removal, indicating that all parties had agreed to removal of this case to federal court. See Motion to Vacate & Extend at 2. Dr. Kane's counsel also received, however, a telephone call from Walter Melendres, the attorney representing Defendants College of Santa Fe, Dr. Linda Hanson, and Dr. Mark Lombardi, requesting additional time to file their answer. See id. Dr. Kane's counsel had other cases with Mr. Melendres, and at all times, both counsel have been cooperative with each other in allowing extensions for responses. See id.

Dr. Kane's counsel represents that she was awaiting the answers from Mr. Melendres before responding to the Notice of Removal. See id. Dr. Kane's counsel was unaware of, and had not received, Mr. Melendres' Answer and Motion to Dismiss until she was made aware of their existence on October 5, 2006, when her assistant picked them up from Mr. Melendres' office. See id. On October 9, 2006, Dr. Kane's counsel had to make the difficult decision not to intubate her father who, as a result, passed away on October 13, 2006, as a result of the alleged nursing home abuse and neglect. See id. Dr. Kane's counsel did not receive PMS' Notice of Completion of Briefing, filed September 29, 2006 (Doc. 7), until on or about October 15, 2006, because it was sent to the Florida address while she was in transit back to New Mexico. See Motion to Vacate & Amend at 2.

The Court has not yet held a rule 16 scheduling conference, and discovery has not commenced. The Court issued a Notice of Hearing on November 1, 2006, setting a hearing on November 9, 2006 at 10:00 a.m. for all of the pending motions. See Doc. 8. Dr. Kane's counsel filed her motion for an extension of time to respond with the Court on November 6, 2006 -- seventy-three days after a response was due and three days before the date set for the hearing on PMS' Motion for

Dismissal or Summary Judgment.

Dr. Kane requests the Court to vacate the hearing it has scheduled for Thursday, November 9, 2006. He also requests an extension of time to respond to the Motion for Dismissal or Summary Judgment. See Motion to Vacate & Extend at 4.

Dr. Kane's counsel has contacted Mr. Melendres, and he does not oppose Dr. Kane's request that the Court vacate the hearing currently scheduled. See id. at 3. Mr. Melendres further does not oppose the Court granting Dr. Kane's counsel an extension to respond to all motions for dismissal and for summary judgment filed on behalf of his clients. See id.

PMS opposes Dr. Kane's motion. See Response at 3-4. PMS' counsel, Mr. Danny Jarrett, advises that his clients will not agree to a vacation of the already set hearing, nor will they agree to an extension of time for Dr. Kane's counsel to file responses. See id. PMS requests that the Court deny the motion that Dr. Kane's counsel has filed. See id. PMS further requests that the Court dismiss Dr. Kane's case. In addition, PMS requests that the Court order Dr. Kane and/or Dr. Kane's counsel to pay PMS' personnel costs, legal costs, attorney's fees and other costs incurred in defending against claims that it contends are baseless and without merit, and for responding to the untimely motion that Dr. Kane's counsel has filed. See id. at 4.

Based on statements made in the motion, it appears that Dr. Kane's counsel has been receiving all documents filed with the Court, including the Court's Notice of Hearing, but has not responded or made any arrangements for responding until Dr. Kane's counsel filed her motion on November 6, 2006. See id.

## LAW REGARDING BRIEFING AND EXTENSIONS OF TIME

According to Local Civil Rule 7.6(a), responses to motions "must be served within fourteen (14) calendar days after service of the motion." D.N.M.LR-Civ. 7.6(a). Under Local Civil Rule 7.1(b), the respondent's failure to serve a timely response to a motion "constitutes consent to grant the motion."

"[L]ocal rules of practice, as adopted by the district court, 'have the force and effect of law, and are binding upon the parties and the court which promulgated them until they are changed in an appropriate manner.'" Smith v. Ford Motor Co., 626 F.2d 784, 796 (10th Cir. 1980)(quoting Woods Constr. Co. v. Atlas Chem. Indus., Inc., 337 F.2d 888, 890 (10th Cir. 1964)). "[A]lthough district judges must follow local rules when adherence furthers the policies underlying the rules, they have discretion in applying and interpreting local rules." Hernandez v. George, 793 F.2d 264, 267 (10th Cir. 1986).

Federal courts possess inherent powers necessary "'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)(internal quotation omitted)(quoting Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962)). Among those inherent powers is "the ability to fashion an appropriate sanction." Chambers v. NASCO, Inc., 501 U.S. at 44. See Chavez v. Nw. Fin. Acceptance, Inc., 129 F.3d 1408, 1419 (10th Cir. 1997)("A federal court possesses the authority to impose . . . sanctions [as part of] its inherent power to control and supervise its own proceedings.")(internal quotations omitted). Before sanctioning a respondent based on failure to respond to motions, the United States Court of Appeals for the Tenth Circuit has stated that the district courts must consider: "(1) the degree of actual prejudice to the defendant[s]; (2) the amount of interference with the judicial process; [and] (3) the

culpability of the litigant." Murray v. Archambo, 132 F.3d 609, 611 (10th Cir. 1998)(quoting Hancock v. City of Okla. City, 857 F.2d 1394, 1396 (10th Cir. 1988))(internal quotations omitted)(alteration in the original). See Green v. Donell, 969 F.2d 915, 917 (10th Cir. 1992). "Dismissal is the appropriate sanction only when these factors outweigh the judicial system's strong predisposition to resolve cases on their merits." See Green v. Donell, 969 F.2d at 917.

## ANALYSIS

The motion Dr. Kane's counsel filed is untimely, and she has not provided any legal authority in support for her motion and the request therein for an extension of time to respond to the pending motions to dismiss. Moreover, PMS should not be held responsible for how Dr. Kane's counsel arranged for the handling of her mail. Furthermore, Dr. Kane has delayed the resolution of this case; there has been no rule 16 scheduling conference or commencement of discovery because of his counsel's failure to respond to any of the pleadings filed in this case.

Under the local rules, Dr. Kane's failure to respond to PMS' Motion for Dismissal or Summary Judgment "constitutes consent to grant the motion." D.N.M.LR-Civ. 7.1(b). PMS states that the Court should deny Dr. Kane's motion because: (i) Dr. Kane's counsel failed to respond to PMS' Motion for Dismissal or Summary Judgment within fourteen calendar days, or to request an extension of time within the fourteen days, as D.N.M.LR-Civ. 7.6(a) requires; and (ii) Dr. Kane's counsel has offered no legal authority to support his motion, as D.N.M.LR-Civ. 7.5 requires.

The local rules concerning the time allowed for a response to a motion or for filing a motion for an extension of time to respond are clear. PMS asks the Court to deny, as a matter of law, the motion that Dr. Kane's counsel has filed. The Court, however, believes that it should not require Dr. Kane to bear the burden of dismissal of his lawsuit because of the unforeseen and extenuating

circumstances that Dr. Kane's counsel experienced, which reasonably prevented Dr. Kane's counsel from timely filing responses to the Defendants' motions.

The Court agrees with PMS that the Court should not force PMS to bear additional expense because Dr. Kane's counsel did not respond to PMS' motion. While PMS vigorously disputes Dr. Kane's assertion that an extension will not prejudice it, the Court is not persuaded that its granting of an extension of time for Dr. Kane to respond to the motions for dismissal and for summary judgment will prejudice the Defendants. If the Court grants this extension, the Defendants will not incur any additional expenses that are not normally associated with briefing a motion to dismiss, there will be no undue delay in the proceedings, and there will be minimal interference with the judicial process. It is true that, if the Court grants Dr. Kane an extension of time to respond, PMS may have significant additional expenses to defend against claims that it believes the Court should dismiss as a matter of law, but these are not caused by the personal problems of Dr. Kane's counsel, and are rather the normal expense that a defendant incurs in having to fully brief and defend against a motion to dismiss early in the case. Moreover, given the nature of the reasons responsible for Dr. Kane's counsel's delay, the Court does not find her, and certainly not Dr. Kane, culpable for that delay. The foregoing considered, the Court believes that vacation and extension further the interests of justice here.

**IT IS ORDERED** that the Plaintiff's Motion to Vacate Hearing and Request for Extension of Time to Respond to Motions for Dismissal and for Summary Judgment is granted. The hearing scheduled for Thursday, November 9, 2006, at 10:00 a.m. is vacated. The Plaintiff's counsel is allowed fourteen days to file responses to the Defendants' motions. Defendant Presbyterian Medical

Services' requests for relief are denied.[1]

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Stephanie M. Zorie
Santa Fe, New Mexico

    *Attorney for the Plaintiff*

Walter J. Melendres
Montgomery & Andrews PA
Santa Fe, New Mexico

    *Attorneys for Defendants Christian Brothers of the College*
    *of Santa Fe Community, Dr. Linda Hanson, and*
    *Dr. Mark Lombardi*

Danny W. Jarrett
Noeding & Jarrett, P.C.
Albuquerque, New Mexico

    *Attorneys for Defendant Presbyterian Medical Services*

---

[1] The Defendant requests attorney's fees and costs, but provides no basis for such an award. Under the American rule, fees and costs are not shifted unless some rule or statute creates an exception. The Defendant points to no exception, and none appears available.