IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DR. STEPHAN KANE,

       Plaintiff,

vs.                                      No. CIV 06-682 JB/WDS

CHRISTIAN BROTHERS OF THE COLLEGE
OF SANTA FE COMMUNITY, d/b/a The College
of Santa Fe; DR. LINDA HANSON, Individually
and as President of The College of Sant Fe;
DR. MARK LOMBARDI, Individually and in His
Capacity as Vice President for Academic and
Student Affairs of The College of Santa Fe,
Currently President of The College of Santa Fe; and
PRESBYTERIAN MEDICAL SERVICES, a New Mexico
Corporation,

       Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on: (i) the Defendant Presbyterian Medical

Services' ("PMS") Motion to Dismiss or, Alternatively, Motion for Summary Judgment as to All

Claims Against Defendant Presbyterian Medical Services, filed August 8, 2006 (Doc. 2)("PMS

Motion to Dismiss"); and (ii) Christian Brothers of the College of Santa Fe Community, Dr. Linda

Hanson, and Dr. Mark Lombardi's Motion to Dismiss Discrimination Claims, filed August 14, 2006

(Doc. 4)("CSF Motion to Dismiss").  The Court held a hearing on these motions on December 15,

2006.[1]  The primary issue is whether Dr. Kane timely filed his federal sex discrimination claim.

Because Dr. Kane has stipulated to dismissal of his federal claims against PMS, because Dr. Kane has

---

[1] The Court's citations herein to the transcript of the hearing, Hearing Transcript (taken December 15, 2006)("December 15, 2006 Transcript"), refer to the Court Reporter's original, unedited version.  Any final transcript may contain slightly different page and/or line numbers.

also stipulated to dismissal of his age-discrimination claims against the CSF Defendants, the CSF, Dr. Linda Hanson, and Dr. Mark Lombardi, because the Court concludes that Dr. Kane did not timely bring his federal sex-discrimination claim against the College of Santa Fe ("CSF"), because Dr. Kane did not exhaust his administrative remedies against Drs. Hanson and Lombardi, and because persons cannot be sued in their individual capacities under Title VII, the Court will grant in part and deny in part PMS' motion and grant the CSF Defendants' motion, dismissing all the remaining federal claims against all the defendants, and remanding the case and remaining state claims to state court.

## FACTUAL BACKGROUND

The CSF employed Dr. Kane from January 13, 1997 through July 31, 2004.  See Complaint for Damages ("Complaint") ¶10, at 3, filed May 30, 2006 (attached to Notice of Removal, filed August 1, 2006 (Doc. 1)).  The CSF and PMS entered into a Professional Services Agreement ("PSA") whereby PMS agreed to provide various health care services to the CSF's faculty, staff, and students.  See id. ¶18, at 3-4.  Dr. Kane alleges that he was effectively terminated as Director of Counseling Services on May 15, 2004.  See id. ¶28, at 5.  Dr. Kane also alleges, however, that the CSF continued to employ him through July 31, 2004.  See id. ¶10, at 3.

PMS alleges that upon initiating services pursuant to the PSA, it solicited candidates for various positions, including position #04-155-N2, a part-time mental health therapist.  See PMS Motion to Dismiss at 2.  PMS alleges that Dr. Kane applied for position #04-155-N2 on July 15, 2004, while the CSF employed him.  See PMS Motion to Dismiss, Exhibit A, Letter from Stephen W. Kane to PMS Recruitment/Human Resources (dated July 15, 2004).  PMS selected another candidate for position #04-155-N2 on July 21, 2004 and thus did not hire Dr. Kane.  See PMS Motion to Dismiss, Exhibit B, Form QAL #04-155 7.21.04 (dated July 21, 2004).

## PROCEDURAL BACKGROUND

On January 6, 2005, Dr. Kane filed New Mexico Department of Labor Human Rights Division ("NMHRD") Charge No. 05-01-06-0009 (Equal Employment Opportunity Commission ("EEOC") Charge No. 39BA500133) against the CSF and PMS, alleging discrimination on the basis of his gender.  See PMS Motion to Dismiss, Exhibit C, NMHRD Charge No. 05-01-06-0009 (dated January 6, 2005).  That same day, Dr. Kane filed NMHRD Charge No. 05-01-06-0010 (EEOC Charge No. 39BA500134) against the CSF and PMS, alleging discrimination on the basis of his age. See PMS Motion to Dismiss, Exhibit D, NMHRD Charge No. 05-01-06-0010 (dated January 6, 2005).  The NMHRD issued a determination of no probable cause as to the CSF and PMS on May 20, 2005 for NMHRD Charge No. 05-01-06-0010.  See PMS Motion to Dismiss, Exhibit E, Determination of No Probable Cause Letter (dated May 20, 2005).  The NMHRD issued a determination of no probable cause as to the CSF and a determination of probable cause as to PMS on May 24, 2005 for NMHRD Charge No. 05-01-06-0009.  See PMS Motion to Dismiss, Exhibit F, Determination of Probable Cause/No Probable Cause Letter (dated May 24, 2005).

NMHRD Charge No. 05-01-06-0010 was transferred to the EEOC on July 26, 2005.  See PMS Motion to Dismiss, Exhibit G, Letter from NMHRD to Diane Martinez, PMS VP of Human Resources (dated July 26, 2005).  The EEOC issued a Dismissal and Notice of Rights to Dr. Kane on September 27, 2005.  See PMS Motion to Dismiss, Exhibit H, Dismissal and Notice of Rights (dated September 27, 2005).

The New Mexico Human Rights Act ("NMHRA") provides that a complainant may seek trial de novo by requesting a waiver and then filing suit within 90 days of the date of service of the waiver. See NMSA § 28-1-10(J).  Dr. Kane does not allege that he waived his rights to a hearing.  See

Complaint.  The New Mexico Human Rights Commission ("NMHRC") held a hearing on January 4, 2006 to adjudicate NMHRD Charge No. 05-01-06-0009.  <u>See</u> PMS Motion to Dismiss, Exhibit I, Transcript of Hearing at 1:12-15 (taken January 4, 2006).  Dr. Kane did not appear at this hearing or present any evidence at the hearing.  <u>See</u> <u>id.</u> at 14:4-13; <u>id.</u> at 21:8-18.  On March 1, 2006, the NMHRC dismissed Dr. Kane's NMHRD Charge No. 05-01-06-0009.  <u>See</u> PMS Motion to Dismiss, Exhibit J, Final Order Dismissing the Complaint with Prejudice at 2 (dated March 1, 2006).

On May 30, 2006, Dr. Kane filed his Complaint in the New Mexico First Judicial District Court.  <u>See</u> Complaint at 1.  Dr. Kane does not allege that he filed a notice of appeal pursuant to the provisions of the NMHRA, which require notice to be served on all parties who appeared before the NMHRC and to the NMHRD office in Santa Fe, New Mexico.  <u>See</u> NMSA § 28-1-13(A); Complaint. Dr. Kane alleges that PMS' counsel agreed to, and did, accept service on behalf of his client before the filing of the lawsuit.  <u>See</u>  Response to Defendant Presbyterian Medical Services' Motion to Dismiss or, alternatively, Motion for Summary Judgment at 3, filed November 21, 2006 (Doc. 13)("Response").  PMS alleges that Dr. Kane served his Complaint on PMS' counsel by regular United States mail on June 29, 2006, and that its counsel received the Complaint on July 3, 2006. <u>See</u> Memorandum in Support of Motion to Dismiss or, Alternatively, Motion for Summary Judgment as to All Claims Against Defendant Presbyterian Medical Services at 4, filed August 7, 2006 (attached to Doc. 2).

Dr. Kane's Complaint includes nine claims against Dr. Linda Hanson, Dr. Mark Lombardi, the CSF, and PMS.  Seven of those claims are solely state claims: (i) Count I -- Breach of Covenant of Good Faith and Fair Dealing; (ii) Count II -- Breach of Implied Contract; (iii) Count III -- Civil Conspiracy; (iv) Count IV -- Intentional Infliction of Emotional Stress; (v) Count VII -- Retaliatory

Firing; (vi) Count VIII -- Prima Facie Tort; and Count IX -- Punitive Damages.[2]  See Complaint ¶¶29-79, at 7-16.  Dr. Kane had two claims that were, in part, federal: (i) Count V-- Violations of NMHRA -- Age Discrimination ("Age Discrimination Claim"); and (ii) Count VI -- Violations of NMHRA -- Sex Discrimination ("Sex Discrimination Claim").  See id. ¶¶55-65, at 12-14.  Both discrimination claims allege violations of the NMHRA, N.M. Stat. §§ 28-1-1 to 28-1-14, and of Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e to 2000e-17 ("Title VII").  Dr. Kane's age discrimination claim, which alleged a violation of Title VII, probably should have alleged a violation of the Age Discrimination in Employment Act, 29 U.S.C. §§ 622 to 634 ("ADEA").  As the Court began work on these motions, it assumed that Dr. Kane meant to also allege a violation of the ADEA.  On December 8, 2006, however, all the parties filed a Stipulated Notice of Dismissal of Claim of Age Discrimination.  See Stipulated Notice of Dismissal of Claim of Age Discrimination, filed December 8, 2006 (Doc. 15). The stipulation dismissed Dr. Kane's claim of age discrimination with prejudice. See id.

Dr. Kane presumably bases his claims against PMS upon the fact that PMS did not hire him for the part-time mental health therapist position for which he applied.  See Complaint ¶23, at 5. Dr. Kane has not, however, specifically designated which claims he is asserting against PMS.  See Complaint.  The Court therefore assumes, for the purposes of this motion, that he is asserting all of his claims against all the Defendants.

On August 1, 2006, PMS, with the CSF, Dr. Hanson, and Dr. Lombardi concurring, filed a Notice of Removal with the Court and thereby removed the state court action to federal court.  See

_____

[2] At the December 15, 2006 hearing, Dr. Kane conceded that these seven claims were solely state-law claims.  See December 15, 2006 Transcript at 18:19-22 (Zorie).

Notice of Removal, filed August 1, 2006 (Doc. 1).  PMS filed its motion to dismiss or for summary judgment with this Court on August 7, 2006, and served it on Dr. Kane's counsel via mail on August 8, 2006 at her address of record in Santa Fe.  See Doc 2.  PMS represents that its counsel mailed all the documents to Dr. Kane's counsel at her address of record in Santa Fe.  See Defendant Presbyterian Medical Services' Response Opposing Plaintiff's Motion to Vacate Hearing and Request for Extension of Time to Respond to Motions for Dismissal and for Summary Judgment at 4, filed November 8, 2006 (Doc. 10).  On August 14, 2006, the CSF Defendants filed their motion pursuant to rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure to dismiss Counts V and VI for age and sex discrimination in Dr. Kane's Complaint for lack of subject-matter jurisdiction and for failure to state a claim upon which the Court can grant relief.  See   Doc 7.

The Defendants did not seek concurrence of opposing counsel, presuming opposition because of the dispositive nature of its motion.  See PMS Motion to Dismiss at 1; CSF Motion to Dismiss at 2.  PMS moves the Court, pursuant to rules 12(b)(6) and 56 of the Federal Rules of Civil Procedure for an order dismissing all claims against it for failure to state any claim upon which relief can be granted.  See PMS Motion to Dismiss at 1.  In its motion, PMS states that, because it is asking the Court to consider matters outside the pleadings regarding some of Dr. Kane's allegations, it requests the Court to treat, pursuant to rule 56, portions of its motion as a request for summary judgment. See id.[3]  The CSF seeks dismissal only of the two discrimination claims.  See CSF Motion to Dismiss at 1.

Pursuant to Local Rule 7.6(a), Dr. Kane was required to file his response to PMS' motion to

---

[3] At the hearing, PMS' counsel said he wanted the Court to threat the motion as a motion to dismiss.  See December 15, 2006 Transcript at 11:4-10 (Cook).

dismiss within fourteen days of it having been served upon him, by August 21, 2006. <u>See</u> D.N.M.LR-Civ. 7.6(a). Dr. Kane did not file any response to PMS' motion, or otherwise request or seek an extension of time in which to respond, within the time that D.N.M.LR-Civ. 7.6(a) allows. On September 29, 2006, PMS filed a Notice of Completion of Briefing pursuant to D.N.M.LR-Civ. 7.3(b). <u>See</u> Notice of Completion of Briefing, filed September 29, 2006 (Doc. 7)("Notice of Completion").

Dr. Kane's counsel received PMS' Notice of Removal, indicating that all of the Defendants had agreed to removal of this case to federal court. <u>See</u> Plaintiff's Motion to Vacate Hearing and Request for Extension of Time to Respond to Motions for Dismissal and for Summary Judgment at 2, filed November 6, 2006 (Doc. 9)("Motion to Vacate & Amend"). Dr. Kane's counsel also received, however, a telephone call from Walter Melendres, the attorney representing the CSF Defendants, requesting additional time to file their answer. <u>See</u> <u>id.</u> Dr. Kane's counsel had other cases with Mr. Melendres, and, at all times, both counsel have been cooperative with each other in allowing extensions for responses. <u>See</u> <u>id.</u>

Dr. Kane's counsel represents that she was awaiting the CSF Defendants' answers from Mr. Melendres before responding to the Notice of Removal. <u>See</u> <u>id.</u> Dr. Kane's counsel was unaware of, however, and had not received, Mr. Melendres' Answer and Motion to Dismiss until she was made aware of their existence on October 5, 2006, when her assistant picked them up from Mr. Melendres' office. <u>See</u> <u>id.</u> Dr. Kane's counsel did not receive PMS' Notice of Completion of Briefing until on or about October 15, 2006, because her office sent it to a Florida address while she was in transit to New Mexico. <u>See</u> <u>id.</u>

The Court has not yet held a rule 16 scheduling conference, and discovery has not

commenced.  On November 1, 2006, the Court issued a Notice of Hearing on November 1, 2006, setting a hearing on November 9, 2006 for the two pending motions.  See Notice of Motion Hearing, filed November 1, 2006 (Doc. 8).  Dr. Kane's counsel filed her motion for extension of time to respond with the Court on November 6, 2006 – seventy-three days after a response was due and three days before the date set for the hearing on PMS' motion.

Dr. Kane requested the Court vacate the hearing it had scheduled for November 9, 2006.  He also requested an extension of time to respond to PMS' motion to dismiss or for summary judgment and the CSF Defendants' motion to dismiss.  See Motion to Vacate & Amend at 4.

Dr. Kane's counsel contacted Mr. Melendres, and he did not oppose Dr. Kane's request that the Court vacate the hearing scheduled for November 9, 2006.  See id. at 3.  Mr. Melendres further did not oppose the Court granting Dr. Kane's counsel an extension to respond to all motions for dismissal and for summary judgment filed on behalf of his clients.  See id.

PMS opposed Dr. Kane's motion.  See id. at 3-4.  PMS' counsel, Mr. Danny Jarrett, advised that his client would not agree to a vacation of the already set hearing, nor would it agree to an extension of time for Dr. Kane's counsel to file responses.  See id.  PMS requested that the Court deny the motion that Dr. Kane's counsel had filed.  See id.  PMS further requested that the Court order Dr. Kane and/or Dr. Kane's counsel to pay PMS' personnel costs, legal costs, attorney's fees, and other costs incurred in defending against claims that it contends are baseless and without merit, and for responding to the untimely motion that Dr. Kane's counsel has filed.  See id. at 4.

It appeared to the Court, based on statements made in Dr. Kane's motion, that his counsel had been receiving all documents filed with the Court, including the Court's Notice of Hearing, but had not responded or made any arrangements for responding until Dr. Kane's counsel filed her

motion on November 6, 2006.  See id.  Pursuant to Local Rule 7.1(b), Dr. Kane's failure to file and serve a response to PMS' motion constituted consent to grant the motion.   Nevertheless, on November 8, 2006, the Court vacated the motion hearing scheduled on November 9, 2006 and rescheduled it for December 15, 2006.  See Notice Vacating and Rescheduling Motion Hearing, filed November 8, 2006 (Doc. 11).  On November 10, 2006, the Court granted the Plaintiff's Motion to Vacate Hearing and Request for Extension of Time to Respond to Motions for Dismissal and For Summary Judgement.  See Memorandum Opinion and Order at 7, filed November 10, 2006 (Doc. 12).  The Court stated that it would allow Dr. Kane fourteen days to file responses to the Defendants' motion.  See id.  The Court also denied PMS' requests for relief.  See id. at 7-8.

With the extension, Dr. Kane timely responded to PMS' motion.  See Response. Accordingly, briefing on PMS' motion to dismiss is complete and ready for decision by the Court. Dr. Kane has not responded to the CSF Defendants' motion.

At the hearing, Dr. Kane confirmed that he did not oppose the CSF Defendants' motion, but wanted the sex-discrimination claim dismissed without prejudice.  See December 15, 2006 Transcript at 16:2-4 (Zorie); id. at 16:21-23 (Zorie).  Dr. Kane also made an oral motion to dismiss the federal sex-discrimination claim against PMS with prejudice.  See id. at 20:17-18 (Zorie); id. at 20:19-21:4 (Zorie).  The Defendants did not oppose the dismissal of the federal sex-discrimination claims, but the CSF Defendants wanted the state sex discrimination claim decided in the same motion, see id. at 20:6-9 (Wechsler), and PMS wanted the Court to decide all claims, including the state claims, see id. at 19:20-20:4 (Cook).

## LOCAL RULES REGARDING RESPONSES TO MOTIONS

According to Local Civil Rule 7.6(a), responses to motions "must be served within fourteen (14) days after service of the motion." D.N.M.LR-Civ. 7.6(a). Under Local Civil Rule 7.1(b), the respondent's failure to serve a timely response to a motion "constitutes consent to grant the motion." See D.N.M.LR-Civ. 7.1(b). "[L]ocal rules of practice, as adopted by the district court, 'have the force and effect of law, and are binding upon the parties and the court which promulgated them until they are changed in an appropriate manner.'" Smith v. Ford Motor Co., 626 F.2d 784, 796 (10th Cir. 1980)(quoting Woods Constr. Co. v. Atlas Chem. Indus., Inc., 337 F.2d 888, 890 (10th Cir. 1964)).

## LAW REGARDING RULE 12(b)(1)

"Federal courts are courts of limited jurisdiction; they are empowered to hear only those cases authorized and defined in the Constitution which have been entrusted to them under a jurisdictional grant by Congress." Henry v. Office of Thrift Supervision, 43 F.3d 507, 511 (10th Cir. 1994). Rule 12(b)(1) empowers a court to dismiss a complaint for "lack of jurisdiction over the subject matter." Fed. R. Civ. Proc. 12(b)(1). "The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction." Montoya v. Chao, 296 F.3d 952, 955 (10th Cir. 2002)(citing Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)).

Whenever it appears that the court lacks jurisdiction of the subject matter involved in an action, the court must dismiss the action. See Tuck v. United Servs. Auto. Ass'n, 859 F.2d 842, 844 (10th Cir. 1988). "The party seeking the exercise of jurisdiction in his favor must allege in his pleading the facts essential to show jurisdiction." United States ex rel. Gen. Rock & Sand Corp. v. Chuska Dev. Corp., 55 F.3d 1491, 1495 (10th Cir. 1995). In determining whether a party has adequately presented facts sufficient to establish jurisdiction, the court should look to the complaint's

-10-

face, see Whitelock v. Leatherman, 460 F.2d 507, 514 (10th Cir.1972), accepting the well-pleaded

factual allegations as true, see United States v. Rodriguez-Aguirre, 264 F.3d 1195, 1203 (10th Cir.

2001), but ignoring conclusory allegations of jurisdiction, see Groundhog v. Keeler, 442 F.2d 674,

677 (10th Cir. 1971).

On a jurisdictional motion, the Court can look at documents and evidence not contained in

the pleadings.    The court may consider evidence outside of the pleadings to determine whether

subject matter jurisdiction exists: "Rule 12(b)(1) motions generally take one of two forms. The

moving party may (1) facially attack the complaint's allegations as to the existence of subject matter

jurisdiction, or (2) go beyond allegations contained in the complaint by presenting evidence to

challenge the factual basis upon which subject matter jurisdiction rests."   Merrill Lynch Bus. Fin.

Servs., Inc. v Nudell,  363 F.3d 1072, 1074 (10th Cir. 2004)(quoting Maestas v. Lujan, 351 F.3d

1001, 1013 (10th Cir.2003)).

## LAW REGARDING RULE 12(b)(6)

In deciding a rule 12(b)(6) motion, all well-pleaded factual allegations in the complaint are

accepted as true and viewed in the light most favorable to the plaintiff. See Stidham v. Peace Officers

Standards & Training, 265 F.3d 1144, 1149 (10th Cir. 2001).  The Court is not bound, however, by

conclusory allegations and legal conclusions.  See Hackford v. Babbitt, 14 F.3d 1457, 1465 (10th Cir.

1994).  The court shall grant a rule 12(b)(6) motion if it appears beyond doubt that the plaintiff can

prove no set of facts in support of their claims entitling them to relief.  See Stidham v. Peace Officers

Standards & Training, 265 F.3d at 1149.

## LAW REGARDING RULE 56

The court shall grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The opposing party may not rest upon mere allegations and denials in the pleadings, but must set forth specific facts showing that there is a genuine issue for trial. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)(citing Fed. R. Civ. P. 56(e)). An issue of fact is "genuine" if the evidence is significantly probative or more than merely colorable such that a jury could reasonably return a verdict for the non-moving party. Id. at 249-50 (citations omitted). Mere assertions or conjecture as to factual disputes are not enough to survive summary judgment. See Branson v. Price River Coal Co., 853 F.2d 768, 771-72 (10th Cir. 1988). The Court may consider only admissible evidence when ruling on a motion for summary judgment. See World of Sleep, Inc. v. La-Z-Boy Chair, Co., 756 F.2d 1467, 1474 (10th Cir. 1985)(citing Fed. R. Civ. P. 56(e)).

If a defendant seeks summary judgment, it has an "initial burden to show that there is an absence of evidence to support the nonmoving party's case." Munoz v. St. Mary-Corwin Hosp., 221 F.3d 1160, 1164 (10th Cir. 2000)(quoting Thomas v. IBM, 48 F.3d 478, 484 (10th Cir. 1995))(internal quotations omitted). Upon meeting that burden, the plaintiff must "identify specific facts that show the existence of a genuine issue of material fact." Id. (citations and internal quotations omitted). "The party opposing the motion must present sufficient evidence in specific, factual form for a jury to return a verdict in that party's favor." Id. (citations and internal quotations omitted). The mere existence of a scintilla of evidence in support of the plaintiff's position is not

sufficient; there must be evidence on which the fact finder could reasonably find for the plaintiff.  <u>See</u> <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986).  The non-moving party must "go beyond the pleadings and by [his] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial."  <u>Celotex</u> <u>Corp. v. Catrett</u>, 477 U.S. at 324 (internal quotations omitted).

**LAW REGARDING EXHAUSTION OF**
**ADMINISTRATIVE REMEDIES UNDER TITLE VII**

Title VII creates a work-sharing deferral system between the EEOC and the states that have their own employment discrimination legislation.  <u>See</u> 42 U.S.C. § 2000e-5(c) & (d).  In the states that possess their own employment discrimination legislation, the EEOC must generally "defer" to state or local remedies.  <u>See</u> <u>EEOC v. Superior Temp. Servs., Inc.</u>, 56 F.3d 441, 447 (2d Cir. 1995)(quoting  42 U.S.C. § 2000e-5(c) & (d)).  The NMHRA places New Mexico among those states that have their own employment discrimination legislation and contact agencies.  <u>See</u> 29 C.F.R. § 1601.74 (2005). In New Mexico, a complainant can, upon meeting filing requirements, proceed with his or her grievance either through the EEOC or through the NMHRD.  <u>See</u> <u>Mitchell-Carr v.</u> <u>McLendon</u>, 1999-NMSC-025, at ¶¶13, 14, 16, 127 N.M. 282, 286-87, 980 P.2d 65, 69-70.  Once a person elects to proceed with his or her complaint under state law, the NMHRA controls the grievance procedures for resolving the complaint.  <u>See</u> <u>id.</u>

Whether complainants decide to pursue their grievances with the EEOC or with the NMHRD, they must exhaust their respective regimes' administrative remedies before seeking judicial review. <u>See</u> <u>Jones v. Runyon</u>, 91 F.3d 1398, 1399 (10th Cir. 1996)("Exhaustion of administrative remedies is a jurisdictional prerequisite to suit under Title VII."); <u>Mitchell-Carr v. McLendon</u>,1999-NMSC-

-13-

025, at ¶20, 127 N.M. at 288, 980 P.2d at 71 ("[E]xhaustion of administrative remedies is a prerequisite to suit under the NMHRA, and a failure to exhaust administrative remedies may mean that the court lacks subject-matter jurisdiction.")(citing Luboyeski v. Hill, 117 N.M. 380, 382, 872 P.2d 353, 355 (1994)).  Exhaustion of administrative remedies is central to Title VII's statutory scheme, because it provides the EEOC and state deferral agencies with the first opportunity to investigate discriminatory practices and enables them to perform their roles of obtaining voluntary compliance and of promoting conciliatory efforts.  See Patterson v. McLean Credit Union, 491 U.S. 164, 180-181 (1989); Williams v. Little Rock Mun. Water Works, 21 F.3d 218, 222 (8th Cir. 1994).

## ANALYSIS

Because Dr. Kane stipulated to the dismissal of the federal age-discrimination claim against PMS on December 8, 2006, and because Dr. Kane stipulated to the dismissal of the federal sex-discrimination claim against PMS at the December 15, 2006 hearing, see December 15, 2006 Transcript at 19:4-17 (Zorie), id. at 20:13-20 (Zorie), the Court need not evaluate PMS' motion before dismissing the federal claims against it.  Further, because Dr. Kane also stipulated to the dismissal of the federal age-discrimination claims against the CSF Defendants on December 8, 2006, because Dr. Kane did not comply with Title VII's statute of limitations period in filing suit against the CSF, because Dr. Kane failed to exhaust his administrative remedies against Drs. Hanson and Lombardi, and because Dr. Kane cannot maintain a federal discrimination suit against Drs. Hanson and Lombardi in their individual capacities, the Court will dismiss the federal sex-discrimination claims against the CSF Defendants.  As such, because the Court finds that no federal claims remain, the Court will remand the remaining case and state-law claims to the First Judicial District Court of the State of New Mexico.

## I.   THE COURT WILL GRANT DR. KANE'S ORAL MOTION TO DISMISS HIS FEDERAL SEX DISCRIMINATION CLAIM AGAINST PMS.

At the hearing, Dr. Kane's counsel made an oral motion to dismiss his sex-discrimination claim against PMS with prejudice.  <u>See</u> December 15, 2006 Transcript at 20:17-18 (Zorie); <u>id.</u> at 20:19-21:4 (Zorie).  While PMS wanted the Court to decide all the claims against it, it did not oppose the oral motion.  The Court will grant the oral motion and dismiss the federal sex-discrimination claim against PMS with prejudice.

## II.   DR. KANE HAS NOT RESPONDED TO THE CSF DEFENDANTS' MOTION AND THUS IS DEEMED TO HAVE CONSENTED TO THAT MOTION.

Under local rule 7.1(b), Dr. Kane's failure to respond to the CSF Defendants' motion for dismissal "constitutes consent to grant the motion."  D.N.M.LR-Civ. 7.1(b).  The Court would be on firm ground in granting the CSF Defendants' motion, because Dr. Kane's counsel has once again failed to respond to the CSF's motion within fourteen calendar days or to request an extension of time within the fourteen days, as local rule 7.6(a) requires.  <u>See</u> D.N.M.LR-Civ. 7.6(a).  Moreover, Dr. Kane has not offered any legal authority to oppose the CSF Defendants' motion, as local rule 7.5 requires.  <u>See</u> D.N.M.LR-Civ. 7.5(a)("A response . . . must cite authority in support of the legal positions advanced.")

The local rules concerning the time allowed for a response to a motion or for filing a motion for an extension of time to respond are clear.  The Court could grant, as a matter of law, the motion that the CSF Defendants have filed.  The Court believes, however, that it should not require Dr. Kane to bear the burden of dismissal of his lawsuit against the CSF Defendants solely because of his counsel.  On the other hand, the Court should not force the CSF Defendants to bear additional expense because Dr. Kane's counsel did not respond to the CSF Defendants' motion.  Accordingly,

the Court will proceed to rule on the briefing that is presently before the Court.

At the hearing, Dr. Kane's counsel stated that he did not oppose the motion to dismiss the federal sex-discrimination claim, but did not want it dismissed with prejudice.  See December 15, 2006 Transcript at 16:2-4 (Zorie); id. at 16:21-23 (Zorie).  Thus, Dr. Kane only opposes the CSF Defendants' motion in part.

## III.   THE COURT WILL DISMISS DR. KANE'S FEDERAL SEX-DISCRIMINATION CLAIMS.

The Court will dismiss the federal sex-discrimination claim against the CSF because it is untimely.  Additionally,  because Dr. Kane did not exhaust administrative remedies with respect to Drs. Hanson and Lombardi, and because a Title VII claim cannot be brought against persons in their individual capacities, the Court will dismiss the sex discrimination claims against Dr. Hanson and Lombardi.

### 1.      Sex-Discrimination Claim Against the CSF.

Dr. Kane's sex discrimination claim against the CSF is untimely.  Dr. Kane filed his Charge of Discrimination for his sex discrimination claim with the NMHRD and with the EEOC on January 6, 2005.  See PMS Motion to Dismiss, Exhibit C, NMHRD Charge No. 05-01-06-0009.  On May 24, 2005, the NMHRD issued a finding of no probable cause for the CSF and dismissed the CSF from the case.  See PMS Motion to Dismiss, Exhibit F, Determination of Probable Cause/No Probable Cause Letter.  Dr. Kane had 30 days from receipt of that letter to bring a suit based on this charge.  See N.M. Stat. § 28-1-13 (providing 90 days in which to bring suit per amendment effective June 17, 2005).  Because Dr. Kane did not file suit until May 30, 2006, his sex discrimination claim against the CSF is untimely.  The Court will therefore dismiss his sex discrimination claim against the CSF

without prejudice.

## 2.  Claims Against Drs. Hanson and Lombardi.

In Counts V and VI of the Complaint, Dr. Kane seeks damages, under Title VII, against Drs. Hanson and Lombardi, in their individual capacities. Compliance with the administrative grievance procedure is a prerequisite to a suit under Title VII.  For a plaintiff to pursue a Title VII claim against a defendant in court, therefore, the plaintiff must have exhausted his or her administrative remedies with the NMHRD or EEOC. Cf. Kelley v. City of Albuquerque, 375 F.Supp.2d 1183, 1214 (D.N.M. 2004)(Browning, J.)("Before a plaintiff can state a valid claim against an individual defendant under NMHRA, however, the plaintiff must first exhaust her administrative remedies."); Sonntag v. Shaw, 2001-NMSC-015, at ¶13, 130 N.M. 238, 243, 22 P.3d 1188, 1193 ("Under the NMHRA, a plaintiff must exhaust his or her administrative remedies against a party before bringing an action in district court against that party . . . .  In neglecting to name [the corporation's owner] personally, [the plaintiff] failed to exhaust her administrative remedies against him.  The trial court therefore erred in allowing Plaintiff's discrimination claim to be brought against [the owner] individually."); Luboyeski v. Hill, 117 N.M. at 382, 872 P.2d at 355 ("The individual defendants were not named as respondents in the proceeding before the Division and were only added as defendants on [the plaintiff's] appeal to the district court.  There is New Mexico law to support the defendants' position that parties who have not been parties to an administrative proceeding should not be added on appellate review of that proceeding.")(internal citations and quotations omitted).  Dr. Kane filed Charge No. 05-01-06-0009 and Charge No. 05-01-06-0010 against the CSF, but not against Drs. Hanson and Lombardi.  As such, the NMHRD never included Drs. Hanson and Lombardi in its administrative assessments.  Because Dr. Kane did not exhaust his administrative remedies with respect to Drs. Hanson and

Lombardi, the Court will dismiss the federal sex-discrimination claims against them.

Dr. Kane also cannot maintain a discrimination suit under federal law against Drs. Hanson and Lombardi in their individual capacities.  The United States Court of Appeals for the Tenth Circuit has held: "Under Title VII, suits against individuals must proceed in their official capacity; individual capacity suits are inappropriate.  The relief granted under Title VII is against the employer, not individual employees whose actions would constitute a violation of the Act."  Haynes v. Williams, 88 F.3d 898, 899 (10th Cir. 1996)(quoting Sauers v. Salt Lake County, 1 F.3d 1122, 1125 (10th Cir. 1993)).  See Busby v. City of Orlando, 931 F.2d 764, 772 (11th Cir. 1991)("The relief granted under Title VII is against the employer, not individual employees whose actions would constitute a violation of the Act.").  As such, the Court will dismiss the federal sex-discrimination claims-- Count VI -- against Drs. Hanson and Lombardi with prejudice.

## IV.   THE COURT WILL REMAND THE CASE AND THE REMAINING CLAIMS TO STATE COURT.

This Court has supplemental jurisdiction over Dr. Kane's remaining state-law claims pursuant to 28 U.S.C. § 1367.  In circumstances where § 1367 may support supplemental jurisdiction, the district court retains discretion to decline to exercise that jurisdiction.  See Estate of Harshman v. Jackson Hole Mountain Resort Corp., 379 F.3d 1161, 1165 (10th Cir. 2004)(citing City of Chi. v. Int'l Coll. of Surgeons, 522 U.S. 156, 173 (1997)); Archuleta v. Lacuesta, 131 F.3d 1359, 1368 n.4 (10th Cir. 1997).  The traditional analysis, based on the Supreme Court's opinion in United Mine Workers v. Gibbs, 383 U.S. 715 (1966), compelled courts to consider "judicial economy, convenience and fairness to litigants" when deciding whether to exercise supplemental jurisdiction. 383 U.S. at 726.  Similarly, § 1367 enumerates four factors that the court should consider:

(1) the claim raises a novel or complex issue of State law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).  In applying these factors, district courts should seek to exercise supplemental jurisdiction in an effort to "vindicate values of economy, convenience, fairness, and comity."  Estate of Harshman v. Jackson Hole Mountain Resort Corp., 379 F.3d at 1164.

Numerous courts have acknowledged that 28 U.S.C. § 1367(c) necessarily changed the district courts' supplemental jurisdiction discretion analysis, and that, unless one of the conditions of 28 U.S.C. § 1367(c) exists, courts are not free to decline jurisdiction.  See Itar-Tass Russian News Agency v. Russian Kurier, Inc., 140 F.3d 442, 447 (2d Cir. 1998)("Section 1367 has indeed altered Gibbs' discretionary analysis."); McLaurin v. Prater, 30 F.3d 982, 985 (8th Cir. 1994)("The statute plainly allows the district court to reject jurisdiction over supplemental claims only in the four instances described therein."); Executive Software N. Am. v. U.S. Dist. Court, 24 F.3d 1545, 1557 (9th Cir. 1994)("By codifying preexisting applications of Gibbs in subsections (c)(1)-(3), however, it is clear that Congress intended the exercise of discretion to be triggered by the court's identification of a factual predicate that corresponds to one of the section 1367(c) categories."); Palmer v. Hosp. Auth., 22 F.3d 1559, 1569 (11th Cir. 1994)("[S]upplemental jurisdiction must be exercised in the absence of any of the four factors of section 1367(c).").  At least one other district court in the Tenth Circuit has reached the same conclusion.  See Gudenkauf v. Stauffer Commc'ns, Inc., 896 F. Supp.

1082, 1084 (D. Kan. 1995)("[A]ny exercise of discretion declining jurisdiction over pendent claims or parties cannot occur until 'triggered' by the existence of one of the four conditions enumerated.").

Because there are no remaining federal claims and, therefore, no claims over which the Court had original jurisdiction, the Court may exercise its discretion to remand the remaining state-law claims to state court to be decided.  The Court believes that the remaining state claims will require interpretation and application of state statutes and local rules that are better left to state court.  In addition, the Court recognizes that Dr. Kane originally filed this case in state court and that it was the Defendants who removed it on the basis of federal question jurisdiction; remanding this case to the state court would return it to the forum that Dr. Kane selected. The Court will, therefore, remand the remaining state-law claims for the state court to decide.  Thus, the Court need not address the five state-law claims before it.

## V.   THE COURT WILL DENY PMS' REQUEST FOR CERTAIN COSTS AND LEGAL FEES.

PMS requests that the Court order Dr. Kane to pay PMS' personnel costs, legal costs, attorneys' fees, and other costs incurred in defending against Dr. Kane's claims, but provides no basis for such an award.  Under the American rule, fees and costs are not shifted unless some rule or statute creates an exception, or unless a contract provides for such shifting.  PMS points to no exception or contract, and none appears available.  The Court will therefore deny PMS' request for personnel costs and legal fees.  PMS may apply for allowable costs under the applicable rules and statutes.

**IT IS ORDERED** that PMS' Motion to Dismiss or, Alternatively, Motion for Summary Judgment as to All Claims Against Defendant Presbyterian Medical Services is granted in part and denied in part.  Dr. Kane's federal sex-discrimination claims against PMS in Count VI of the

Complaint for Damages are dismissed with prejudice.  The CSF Defendants' Motion is granted in part, and the federal sex-discrimination claims against the CSF Defendants are dismissed.  The federal sex-discrimination claim in Count VI against the CSF is dismissed without prejudice.  The federal sex-discrimination claims in Count VI against Dr. Linda Hanson and Dr. Mark Lombardi are dismissed with prejudice.  The case and the remaining state claims therein are remanded to the First Judicial District Court for the State of New Mexico.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Stephanie M. Zorie
Santa Fe, New Mexico

        *Attorneys for the Plaintiff*

Walter J. Melendres
Jeffrey J. Wechsler
Montgomery & Andrews PA
Santa Fe, New Mexico

        *Attorneys for Defendants Christian Brothers of the College
          of Santa Fe Community, Dr. Linda Hanson, and
          Dr. Mark Lombardi*

Danny W. Jarrett
James L. Cook
Noeding & Jarrett, P.C.
Albuquerque, New Mexico

        *Attorneys for Defendant Presbyterian Medical Services*